# Judy Ann Woods

### v.

# Town of Marion

Record No. 920153

January 8, 1993

Present: Carrico, C.J., Compton, Whiting, Lacy, Hassell, and Keenan, JJ., and Gordon, Retired Justice

*Robert I. Asbury* for appellant.
*Pamela Meade Sargent (Steven T. Clark; White, Elliott & Bundy*, on brief), for appellee.

JUSTICE WHITING delivered the opinion of the Court.

In this personal injury case, we consider a town's claim of governmental immunity from liability for negligent street maintenance in failing to remove ice that had formed upon one of its streets, when water leaked from pipes of the town's waterworks.

Judy Ann Woods was injured when a truck owned by W-L Construction and Paving, Inc., and driven by its employee David S. Walker, skidded on an icy street in the Town of Marion (the Town) and struck the rear of Woods' vehicle.

Alleging that the joint negligence of Walker and the Town caused her injuries, Woods sued Walker, his employer, and the Town. Woods' amended motion for judgment alleged the Town's negligence to be: (1) a failure to maintain its water pipes in a safe condition so as to prevent the leakage of water therefrom onto one of the Town's streets near the pipes; and (2) a failure to remove a several-week-old accumulation of ice on the street that had been formed by the leakage of water from the defective pipes, which was a cause of the collision.*

The Town filed a plea of sovereign immunity. Following oral argument and extensive briefing by counsel, the trial court, accepting as true Woods' allegations for the purpose of ruling upon the plea, sustained the Town's plea. Woods appeals.

■ A municipal corporation is immune from liability for negligence in its exercise of, or failure to exercise, a governmental function. *Bialk v. City of Hampton*, 242 Va. 56, 58, 405 S.E.2d 619, 620 (1991). On the other hand, a municipal corporation may be held liable, as a private person might be, for negligence in the exercise of its proprietary functions of operating its waterworks and performing routine maintenance of its streets. *Id.* at 58, 405 S.E.2d at 620 (street maintenance); *City of Richmond v. Branch*, 205 Va. 424, 428, 137 S.E.2d 882, 885 (1964) (street maintenance); *City of Richmond v. Virginia Bonded Warehouse Corp.*, 148 Va. 60, 70-71, 138 S.E. 503, 506 (1927) (operation of waterworks).

---

* Woods' amended motion for judgment also alleged that the Town had created and failed to remove a "dangerous and hazardous public nuisance." In view of our holding, we do not consider this claim.

Even though the Town's allegedly negligent waterworks operation and street maintenance might have subjected it to liability, the Town contends that it is not liable in this case because the alleged acts of negligence also involved a violation of the Town's governmental function of "keeping its streets clear of obstructions." The Town relies primarily upon four Virginia cases as support for its contention. We think that this reliance is misplaced.

In two of the cases upon which the Town relies, in which pleas of governmental immunity were sustained, the street obstructions causing the injuries resulted from unusual weather conditions creating emergency situations that required immediate governmental action to restore vital services to the public. *Bialk*, 242 Va. at 59, 405 S.E.2d at 621 (round-the-clock snow removal following a snowfall of 15.4 inches); *Fenon v. City of Norfolk*, 203 Va. 551, 556, 125 S.E.2d 808, 812 (1962) (emergency removal of some 800 downed trees following a hurricane). No such emergency is alleged in the amended motion for judgment before us.

■ In *Bialk*, we held that the act of clearing the streets following a large snowstorm was both a governmental act in responding to the emergency weather conditions in opening streets to vital public services and a proprietary act in maintaining the surface of the streets. We said that where those two functions coincide, "the governmental function is the overriding factor." *Bialk*, 242 Va. at 58, 405 S.E.2d at 620-21 (quoting *Taylor v. City of Newport News*, 214 Va. 9, 10, 197 S.E.2d 209, 210 (1973)).

In *Taylor*, the third case upon which the Town relies, we sustained a plea of governmental immunity arising out of the negligence of a city employee in spilling grease on the street while collecting garbage, a governmental function. In that case, the city had also been negligent in the performance of its proprietary function of maintaining the streets in a safe condition by allowing grease to remain on the street for over 14 hours before the plaintiff slipped and fell on the grease. *Taylor*, 214 Va. at 10-11, 197 S.E.2d at 210.

We also cited *Taylor* in the fourth case upon which the Town relies. In that case, it was claimed that a municipality was liable for its negligence in failing to repair a malfunctioning traffic signal. *Transportation, Inc. v. City of Falls Church*, 219 Va. 1004, 1006, 254 S.E.2d 62, 64 (1979). In *Transportation*, although we recognized that "the repair of a malfunctioning traffic signal bears some

relationship to street maintenance and displays, therefore, a characteristic of a proprietary function,'' we held that its dominant purpose was to regulate traffic, a governmental function. *Id.* at 1006, 254 S.E.2d at 64.

■ However, under the facts alleged in this case, the removal of ice from one of the Town's streets displays none of the characteristics of a governmental function. Here, the Town is charged with negligence in operating its waterworks and in failing to maintain its streets, both of which are proprietary functions. Because none of its allegedly negligent acts was a governmental act, the trial court erred in sustaining the Town's plea of governmental immunity.

Therefore, we will reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*