## CIRCUIT COURT OF WARREN COUNTY

Nicholas T. Gordon

v.

City of Winchester et al.

Case No. (Law) 95-214

David W. Sites, III

v.

City of Winchester et al.

Case No. (Law) 95-215

December 20, 1995

By Judge John E. Wetsel, Jr.

This case came before the Court on the demurrer and special plea in bar of the defendants, the City of Winchester and the Winchester Police Department. The Court had previously sustained the Demurrer and Special Plea of the City of Winchester based on sovereign immunity of the City as it applied to all counts of the motion for judgment except that set forth in Count II, which is an allegation that the City's police officers in the course of a high speed chase were grossly negligent, and the issue presently before the Court is whether the City and the police department may be held vicariously liable for the grossly negligent acts of its agents. The parties have filed memoranda of authority which have been considered by the Court. Upon consideration of the memoranda, the Court has made the following decision to sustain the Demurrers and Pleas in Bar.

## I. *Statement of Material Facts*

The following facts are established in the pleadings.

These are actions filed by two infants against the City of Winchester and two of its police officers for personal injuries which the infants sustained when the stolen vehicle in which they were traveling overturned while attempting to pass another vehicle during a police pursuit.

Count II of the motion for judgment alleges that the defendant police officers were grossly negligent in their pursuit of the plaintiff's vehicle on December 6, 1994, and that the officers were acting within the course and scope of their employment with the City at the time of the accident.

The defendant City and police department have filed a Demurrer and Special Plea in Bar contending that the Motion for Judgment should be dismissed on the grounds of governmental immunity because the City and its police department may not be held vicariously liable for the actions of their police officers in this case.

## II. *Conclusions of Law*

In considering a demurrer the Court must apply "the settled rule that a demurrer admits the truth of all well-pleaded material facts. All reasonable inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading." *Russo v. White*, 241 Va. 23, 24, 400 S.E.2d 160 (1991), quoting *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373 (1988). In all cases except negligence cases, in ruling on a demurrer, "the court is not bound by . . . conclusory [legal] allegations when the issue involves . . . a mixed question of law and fact." *Russo v. White, supra* at 28. *Accord CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 431 S.E.2d 277 (1993). There is an exception for negligence cases, because the Rules of Court specifically provide that "an allegation of negligence . . . is sufficient without specifying the particulars of the negligence. Supreme Court Rule 3:16(b). Having examined Count II of the motion for judgment, which is a claim of gross negligence, and drawing "all reasonable inferences fairly and justly drawn from the facts alleged . . . in aid of the pleadings," it would appear that the demurrer should be sustained for the reasons hereafter stated.

"In the absence of sovereign or governmental immunity from tort liability or a suit in tort, and with appropriate reservations depending on the effect that the nature of a particular act or function may have on the issue of immunity, a municipal corporation is subject to liability under the doctrine of *respondeat superior* for the torts of its agents, officers, and em-

ployees while acting in the course and scope of their employment or authority . . . ." 57 Am. Jur. 2d, *Municipal Tort Liability*, § 186.

There is no question in Virginia but that where a city is engaged in a proprietary function, which is not protected by sovereign immunity, *respondeat superior* may operate to hold a city liable for the breach of a duty by its employees and agents. *See, e.g., Woods v. Town of Marion*, 245 Va. 44, 425 S.E.2d 487 (1993) (negligent operation of waterworks and street maintenance); *APCO v. Greater Lynchburg, Co.*, 236 Va. 292, 296, 374 S.E.2d 10 (1988) (if the transit company had been an instrumentality of the City, then the City could be held vicariously liable); *Hoggard v. City of Richmond*, 172 Va. 145, 157, 200 S.E. 610 (1939), in which the Supreme Court held that "where a wrongful act causing injury is committed by the servant of a municipality in the performance of a purely proprietary act [maintenance and operation of swimming pool], the municipal corporation is liable as any other private corporation, even though it does not derive any pecuniary advantage from such activities."

The City acts "in its governmental character in maintaining and operating a police force and, therefore, is immune from liability for the wrongful acts of its officers." *Snyder v. City of Alexandria*, 870 F. Supp. 672, 691 (E.D. Va. 1994). *Accord Slaughter v. Duling*, 33 Va. Cir. 476, 482-83 (1972).

In *Lawhorne v. Harlan*, 214 Va. 405, 407, 200 S.E.2d 569 (1973), a state hospital and doctors employed by that hospital were sued for malpractice, and the Supreme Court of Virginia reviewed the principles of sovereign immunity as they applied to employees of the state and noted that protection is not absolute even as it applies to state employees:

> [A]n employee of a state agency who performs duties which do not involve judgment or discretion but which are purely ministerial, is liable for injury which results from his negligence. *Wynn v. Gandy*, 170 Va. 590, 197 S.E. 527 (1938); *Rives v. Bolling*, 180 Va. 124, 21 S.E.2d 775 (1942); and *Berry v. Hamman*, 203 Va. 596, 125 S.E.2d 851 (1962). Nor does the cloak of sovereign immunity protect a state employee who commits an intentional tort, *Elder v. Holland*, 208 Va. 15, 155 S.E.2d 369 (1967), or *one whose act is so negligent as to take him outside the scope of his employment. Sayers v. Bullar, supra; see Crabbe v. School Board and Albrite*, 209 Va. 356, 164 S.E.2d 639 (1968).

(Emphasis added.)

In *Burnham v. West*, 681 F. Supp. 1169, 1171-1172, (E.D. Va 1988), students sued the school board, the principal, and a teacher for an allegedly illegal search, and the United States District Court held that they were protected by sovereign immunity and in so ruling extensively discussed the principles of sovereign immunity as they apply to governmental employees and stated:

> Under Virginia's approach to sovereign immunity, the doctrine is viewed as having developed from being simply a "privilege of sovereignty" into a mainstay of public policy . . . .
>
> The immunity afforded to those public servants who are entitled to it is of the same character at all levels of government, but its application at some levels is broader than at others . . . .
>
> Finally, the nature of the allegedly injurious act itself is relevant. Sovereign immunity does not protect a state employee who commits an intentional tort, *Elder v. Holland*, 208 Va. 15, 155 S.E.2d 369 (1967), *or a negligent act outside the scope of his or her public duties. Sayers v. Bullar*, 180 Va. 222, 22 S.E.2d 9 (1942). *See also Fox v. Deese*, 234 Va. 412, 422-425, 362 S.E.2d 699, 705-706 (1987) (stating both of the foregoing propositions).
>
> To summarize for purposes of the case at bar: Virginia's sovereign immunity doctrine provides governmental employees with a margin for error if they meet the doctrine's eligibility requirements. These requirements, stated broadly, are that the employee work for an immune governmental entity, and that the employee exercise judgment and discretion, or both. Eligible governmental employees acting within this margin, which encompasses what are referred to generally in the cases as acts of "simple negligence," will not be subjected to liability in damages. Governmental employees in a proper case are afforded immunity, despite the undesirable effects of their immunized mistakes, because the government itself will suffer if its agents fail or refuse to act because they fear the consequences of acting in error. However, *where the character of an employee's act takes it outside the scope of that employees's governmental duties, or where the employee acts with wrongful intent, the doctrine affords no protection.*

(Emphasis added.)

In the absence of governmental immunity, "governmental entities may be liable for injuries or damages resulting from the negligent operation of government vehicles." 57 Am. Jur. 2d, *Municipal Tort Liability*, § 233; *Heider v. Clemons*, 241 Va. 143, 400 S.E.2d 190 (1991) (sheriff serving process not protected); *Wynn v. Gandy*, 170 Va. 590, 197 S.E. 527 (1938) (school bus driver not protected). In *Heider* and *Wynn, supra*, the drivers of the police car and school bus, while engaged in a governmental function, which is protected, they were performing ministerial acts for which if negligent, they may be held liable, because of the mundane nature of the acts involved, the simple driving of a motor vehicle.

In *Colby v. Boyden*, 241 Va. 125, 130, 400 S.E.2d 184 (1991), the Supreme Court held that the decision of a police officer to pursue a fleeing suspect, clearly a governmental function, involved judgment and discretion on the part of the officer, and was, consequently, distinguishable from *Heider v. Clemons, supra*, and that "[u]nder Virginia law, where . . . a defendant's actions are clothed with sovereign immunity, a plaintiff must establish gross negligence in order to prevail." "[G]ross negligence is the 'absence of slight diligence, or the want of even scant care'." *Colby* at 133, quoting *Frazier v. City of Norfolk*, 234 Va. 388, 393, 362 S.E.2d 688 (1987).

The immunity of a public officer derives from the intrinsic character of the act that he is performing. *James v. Jane*, 221 Va. 43, 53, 267 S.E.2d 113 (1980). Where sovereign immunity applies, the immunity of the public officer is coterminous with the immunity of the governmental unit for whom he is acting, but where his actions exceed the scope of protected action, he steps beyond the pale of protection, and he loses the protection of governmental immunity, but the governmental unit, which still stands within the pale of protection, remains protected from suit because of its sovereign immunity. While the erring police officer, who is allegedly grossly negligent, may be held personally liable, the City and its police department may not be held vicariously liable for his gross negligence. *See* Restatement (Second) of Torts, § 895D, comments g and j. "The true rule would seem to be to require proof of some act done by the employee outside the scope of his authority or of some act within the scope of authority but performed so negligently that it can be said that its negligent performance *takes him who did it outside the protection of his employment*." (Emphasis added.) *Sayers v. Bullar*, 180 Va. 222, 229, 22 S.E.2d 9, 12 (1942). *Cf. First Va. Bank — Colonial v. Baker, Clerk*, 225 Va. 72, 301 S.E.2d 8 (1983) (For public policy reasons, the Circuit Court Clerk was

vicariously liable for the negligence of a deputy clerk, because the negligence was misfeasance of a ministerial duty.)

### III. *Decision*

For the foregoing reasons, it is adjudged and ordered that the Demurrers and Special Pleas in Bar of the City of Winchester and the Winchester Police Department are sustained.