## CIRCUIT COURT OF THE CITY OF NORFOLK

Karen L. Hatch

v.

George Musgrove
and the City of Norfolk

March 13, 1996

Case No. L94-4889

BY JUDGE EVERETT A. MARTIN, JR.

The plaintiff, an employee of the Division of Social Services (the "Division") of the defendant City of Norfolk, has sued the City and George Musgrove, the former director of the Department of Human Services (the "Department") of the City. The Division is an agency within the Department. The plaintiff's four count motion for judgment alleges slander (count I), racial discrimination (count II), infliction of emotional distress (count III), and negligent supervision and retention (count IV). In her brief, the plaintiff seeks to re-characterize count IV as negligent hiring, but the duty she alleges the City breached was "to properly supervise" Musgrove (paragraph 37). The allegations against the defendants are based on statements Musgrove allegedly made to and about the plaintiff and certain personnel actions he allegedly took with respect to her. The City has filed a demurrer to counts I, III, and IV on the ground of sovereign immunity, and to count II because it fails to state a claim upon which relief can be granted. Musgrove has filed a motion for a bill of particulars to count II, a demurrer to counts III and IV alleging they fail to state a claim upon which relief can be granted, a plea of the statute of limitations to count I, and a motion to strike punitive damages. The defendants' demurrers will be sustained. Musgrove's plea of the statute of

limitations will be sustained concerning any statements made before December 22, 1993. The motion to strike punitive damages will be overruled.

Municipal corporations perform two types of functions, governmental and proprietary. The municipal corporation is immune for the former and liable as a private party would be for the latter. *Ashbury v. City of Norfolk*, 152 Va. 278, 147 S.E. 223 (1929); *Wood v. Town of Marion*, 245 Va. 44, 425 S.E.2d 487 (1993). The modern statement of a governmental function is one done "for the common good, without the element of corporate benefit or pecuniary profit." *Bialk v. City of Hampton*, 242 Va. 56, 59, 405 S.E.2d 619, 620 (1991). The Department is established in Article VI of Chapter 2 of the Code of Norfolk, § 2-196 *et seq.* The Department's general responsibilities are stated in § 2-198 as "the supervision and management of all public welfare, social services, and manpower services." The services the Department provides in relieving the poor and protecting children are for the common good and a governmental function as was a city's establishment of a hospital for the care and cure of the diseased in *City of Richmond v. Long's Adm'rs.*, 58 Va. (17 Gratt.) 375 (1867), the city's provision of ambulance services in *Edwards v. City of Portsmouth*, 237 Va. 167, 375 S.E.2d 747 (1989), and a state chartered corporation's provision of a hospital for the mentally ill in *Maia's Adm'r v. Eastern State Hosp.*, 97 Va. 507, 34 S.E. 617 (1899). The plaintiff does not cite any case in her brief in which the municipal corporation's immunity or lack thereof was decided by reference to the specific acts of the municipality's employee as opposed to the nature of the public function the municipality performed. Nor does she cite any case recognizing a common law cause of action in tort by an employee against a municipal corporation based on the municipality's "staffing and personnel decisions."

The Supreme Court of Virginia has never expressly held that the defense of sovereign immunity applies against intentional torts. It has, however, stated in two negligence cases that a city performing a governmental function is "not responsible for the *misconduct*, negligence or omissions of the agents employed." *Long's Adm'rs, supra* at 378-79, 384; *Ashbury, supra*, 152 Va. at 291, 147 S.E. at 227; see also *Commonwealth v. Chilton*, 154 Va. 28, 152 S.E. 336 (1930), a case against the Commonwealth for trover and conversion of barley malt by revenue agents in which the Court held the action was in tort not in contract and dismissed it on the ground of sovereign immunity.

In *Messina v. Burden*, 228 Va. 301, 321 S.E.2d 657 (1984), the Court stated several policies underlying sovereign immunity that would apply to the Commonwealth or a municipal corporation: the protection of the public purse, the orderly administration of government, freedom from burdensome

interference with the performance of its functions, and control over its property and instrumentalities. These policies would be equally frustrated by liability to suit for the negligent or intentional acts of the sovereign's agents whether the persons aggrieved by those acts were subordinates of the sovereign's agents or members of the public. I, therefore, conclude the defense is available against the negligent and intentional torts pleaded, and the City's demurrer to counts I, III, and IV is sustained. Given this holding, I need not decide if a cause of action exists in Virginia on these facts for negligent supervision and retention of an employee.

Count II of the motion for the judgment alleges "racial discrimination" in violation of "applicable state and federal law including but not limited to the Virginia Human Rights Act." The acts of Musgrove complained of in the motion for judgment allegedly occurred from December 1993 through April 1994. The Virginia Human Rights Act is Chapter 43 of Title 2.1 of the Code of Virginia (1950), § 2.1-714, *et seq.* At the time of the acts complained of, § 2.1-725 provided:

> Nothing in this chapter creates, nor shall it be construed to create, an independent or private cause of action to enforce its provisions. Nor shall the policies or provisions of this chapter be construed to allow tort actions to be instituted instead of or in addition to the current statutory actions for unlawful discrimination.

No common law cause of action for racial discrimination in employment existed in Virginia before *Lockhart v. Commonwealth Education Systems*, 247 Va. 98, 439 S.E.2d 328 (1994). *Lockhart* established such a cause of action based on the policies stated in the Virginia Human Rights Act (notwithstanding § 2.1-725) when an employee is "terminated because of discrimination based upon gender or race." 247 Va. at 106, 439 S.E.2d at 332. As the plaintiff remains an employee of the Division, she has not been terminated. Absent termination, no common law cause of action for racial discrimination in employment exists in Virginia.[1] The City's demurrer to count II will be sustained, and given this holding, it is unnecessary to rule on Musgrove's motion for a bill of particulars. Should the plaintiff include a

---

[1] By 1995 Acts of Assembly, c. 838, the General Assembly apparently amended § 2.1-725 to abrogate the cause of action declared in *Lockhart* and to replace it with a much more restricted statutory cause of action for "discharge" of an employee because of race or certain other reasons.

count for racial discrimination in her amended motion for judgment, she shall specify the Virginia or federal statutes on which she relies.

Musgrove has filed a plea of the statute of limitations to count I of the motion for judgment to the extent the plaintiff seeks to recover for statements he allegedly made more than one year before suit was filed. The motion for judgment was filed December 22, 1994. At the hearing on February 23, 1996, the plaintiff conceded the defendant's plea of the statute of limitations was proper and that she is barred from proceeding against Musgrove for slander for any words spoken before December 22, 1993.

Count III of the motion for judgment seeks recovery for "infliction of emotional distress" and states in paragraph 31 that Musgrove's actions constituted "negligent and/or intentional infliction of emotional distress." Where the defendant's conduct is merely negligent and physical impact is lacking, there can be no recovery for emotional disturbance alone. There may, however, be recovery for emotional disturbance and physical injury causally connected to the negligent act. *Hughes v. Moore*, 214 Va. 27, 197 S.E.2d 214 (1973). The plaintiff has not alleged any physical impact in the motion for judgment. As injuries she has alleged "impairment of her reputation, diminished standing in the community, personal humiliation, mental anguish and suffering, harm in the conduct of her business affairs, and future financial loss" (paragraph 10), and "great emotional distress involving but not limited to loss of sleep, loss of ability to concentrate, and depression" (paragraph 31). These are not physical injuries. The plaintiff's reliance upon *Naccash v. Burger*, 223 Va. 406, 290 S.E.2d 825 (1982), is misplaced as the Supreme Court of Virginia has stated that *Naccash* is "confined to its particular facts." *Myseros v. Sissler*, 239 Va. 8, 10, n. 2, 387 S.E.2d 463, 464, n. 2 (1990). Musgrove's demurrer to Count III is sustained insofar as it alleges negligent infliction of emotional distress.

The elements of a cause of action for intentional infliction of emotional distress were first stated in *Womack v. Eldridge*, 215 Va. 338, 210 S.E.2d 145 (1974). Musgrove demurs claiming the first, second, and fourth elements are not pleaded. The first element has been satisfied, though perhaps unartfully, as the plaintiff has alleged in paragraph 31 of the motion for judgment that Musgrove's "conduct ... was ... intentional ... and caused the plaintiff to suffer great emotional distress ... all of which was foreseeable ... ."

I will assume, without deciding, that the second element has been met as I find the fourth element has not been satisfied. The plaintiff's alleged injuries are set forth two paragraphs above. In *Russo v. White*, 241 Va. 23, 400 S.E.2d 160 (1991), the Supreme Court further defined "severe" emotional distress,

the fourth element. The Court also instructed trial courts to examine closely claims for this tort:

> keeping in mind that the trial court must initially determine whether the facts *alleged* will support a finding of both outrageousness and severe emotional distress ... .
>
> But, even on demurrer, the court is not bound by such conclusory allegations when the issue involves, as here, a mixed question of law and fact ... . In the present claim, "a plaintiff must *allege all facts* necessary to establish" the cause of action.

*Id*. at 26-27, 28. (Emphasis added.)

The Court listed many forms of mental distress and then held:

> But liability arises only when the emotional distress is extreme, and only where the distress inflicted is so severe that no reasonable person could be expected to endure it.

*Id*. at 27.

The Plaintiff in *Russo* alleged nervousness, insomnia, stress and its symptoms, withdrawal from activities, and inability to concentrate at work. *Id*. at 28. The plaintiff here alleges similar emotional injuries, adding only depression. The Court in *Russo* noted the plaintiff had not claimed that she was hospitalized or sought medical attention or that she was confined at home or lost income. *Id*.

*Webster's Encyclopedia Unabridged Dictionary of the English Language* (1989) gives several definitions for "depression":

> 4. dejection; sadness; gloom. 5. *Psychiatry*. a condition of general emotional dejection and withdrawal; sadness great and more prolonged than that warranted by any objective reason.

Dejection, sadness, and gloom are emotional states everyone suffers at some time on the long, capricious, and often hostile journey through life. Without more they are hardly "so severe that no reasonable person could be expected to endure" them. Musgrove's demurrer to Count III is sustained insofar as it alleges intentional infliction of emotional distress.

At the hearing on February 23, 1996, the plaintiff conceded count IV of the motion for judgment was only against the City. Therefore, Musgrove's demurrer to that count will be sustained.

The motion to strike punitive damages against Musgrove is overruled as the plaintiff has claimed in paragraph 9 of the motion for judgment that the allegedly defamatory statements were made with knowledge of their falsity or with a reckless disregard for the truth. *Ingles v. Dively*, 246 Va. 244, 435 S.E.2d 641 (1993). As the City's demurrer has been sustained in its entirety, I need not decide if punitive damages may be awarded against the City.

Counsel for Musgrove will prepare the appropriate order allowing the plaintiff thirty days from the entry of the order to file an amended motion for judgment.