# CIRCUIT COURT OF THE CITY OF NORFOLK

Ira R. Boone

v.

City of Norfolk et al.

November 15, 2000

Case No. (Law) L00-1189

BY JUDGE JOSEPH A. LEAFE

This matter comes before the Court on defendant's Special Plea of Sovereign Immunity. Plaintiff Boone filed a Motion for Judgment naming the Norfolk Police Department as the defendant and then filed an amended Motion for Judgment naming the City of Norfolk as the proper defendant. The facts as alleged in the Amended Motion for Judgment are as follows.

On June 1, 1998, plaintiff placed a call to 911 because Sandra Hansen, a Deputy High Constable, "was verbally harassing and intimidating Boone with threats of incarceration and loss of property for not paying a Norfolk attorney. . . ." The Constable originally came to plaintiff's home to receive payment of some sort for an attorney that plaintiff had retained. Plaintiff Boone requested her to leave but Constable Hansen remained there. Other officers were also present. An officer named Reese, the third officer to arrive, "verbally and physically assaulted Boone in the presence of Loudenback, White, and Hansen." An officer then placed a notice of sale on Boone's front door. Boone was then handcuffed and searched on the sidewalk in front of her home by an officer yet to be identified. The paramedics arrived and took plaintiff to the emergency room where she received stitches to close the wound in her right pinky finger "caused by Reese." Plaintiff claims she also sustained injury to her right and left shoulder, back, knees, legs, and thighs

because of Reese's excessive force. Boone was taken into custody after she received treatment and was placed under arrest. Plaintiff claims that she was not issued a summons in lieu of arrest. Plaintiff further asserts that "the City of Norfolk knew, or should have known, of the actions of Reese, Loudenback, White, Hansen, and the officer, yet to be identified, and of the consequences of their actions." Defendant filed a Demurrer and a Special Plea of Sovereign Immunity.

## *Discussion*

The doctrine of sovereign immunity serves a multitude of purposes such as protecting the public purse, providing for smooth operation of government, eliminating fear in government officials to act according to their duties, and assuring that citizens will be willing to take public jobs. *Messina v. Burden*, 228 Va. 301, 307-08, 321 S.E.2d 657 (1984). Moreover, the protection afforded by this doctrine extends not only to the sovereign but also to those who help run the government. *Id.* "It would be an unwise policy to permit agents and employees of the State to be sued in their personal capacity for acts done by them at the express direction of the State, unless they depart from that direction." *Id.*, quoting, *Sayers v. Bullar*, 180 Va. 222, 229, 22 S.E.2d 9 (1942).

The City of Norfolk is a municipality. A municipal corporation, an agency of the state, is immune from liability in tort actions when the act occurs in performing a governmental function. *Ashbury v. City of Norfolk*, 152 Va. 278 (1929). This immunity does not apply however when the city performs non-governmental or "proprietary" functions. *Woods v. Town of Marion*, 245 Va. 44, 425 S.E.2d 487 (1993); *Carter v. Chesterfield County Health Comm'n*, 259 Va. 588, 527 S.E.2d 783 (2000). If the city is engaged in a proprietary function, respondeat superior may operate to hold the city liable for wrongful acts by its agents or employees. *Woods*, 245 Va. 44, 425 S.E.2d 487 (1993).

A function is considered a "governmental function" for purposes of immunity if it involves the exercise of an entity's political, discretionary, or legislative authority. *Carter*, 527 S.E.2d at 785. It is "proprietary" if it is a ministerial act and involves no discretion. *Id.* The frequently applied test is as follows: "if the act in question is done by the municipality for the common good, without the element of corporate benefit or pecuniary profit, it is a governmental act entitled to governmental immunity." *Bialk v. City of Hampton*, 242 Va. 56, 59, 405 S.E.2d 619 (1991); *see also City of Virginia Beach v. Carmichael Devel. Co.*, 259 Va. 493, 527 S.E.2d 778 (2000) (stating that governmental functions performed by a municipality are powers and

duties to be performed exclusively for the public welfare). Further, where an activity involves elements of both governmental and proprietary functions, the governmental function controls and the city is entitled to immunity. *Transportation, Inc. v. City of Falls Church*, 219 Va. 1004 (1979). It has been held that a city acts in a "governmental character in maintaining and operating a police force, and therefore is immune for the wrongful acts of its officers." *Snyder v. City of Alexandria*, 870 F. Supp. 672, 691 (E.D. Va. 1994) (interpreting Virginia law); *Gordon v. City of Winchester*, 38 Va. Cir. 274 (1995); *Slaughter v. Duling*, 33 Va. Cir. 476, 482-83 (1972).

In the case at bar and in line with *Snyder*, *Gordon*, and *Slaughter*, the Court holds that the City was performing a governmental function when the alleged acts against the plaintiff occurred, that function being the operation and maintenance of a police force. Therefore, governmental immunity protects the City from liability for the acts performed by its agents or employees even though those acts may have been wrongful unless some other rule applies to the alleged intentional torts. Plaintiff alleges in her Amended Motion for Judgment that the officers illegally searched her, unlawfully arrested her in violation of Virginia Code § 19.2-59, and violated her civil rights. Plaintiff asserts that Reese, the third officer to arrive to her dwelling, verbally and physically assaulted her in violation of Code § 18.2-57, used excessive force and trespassed in violation of § 19.2-59. Plaintiff's AMJ at 2, par. 6. Plaintiff further alleges that Reese's disorderly conduct was "wanton and injurious to the Plaintiff. Reese's actions were done arbitrarily, capriciously, and corruptly with willful, outrageous, and deliberate intent to cause Boone physical injury and emotional distress." *Id.* at 3, par. 8. There is very little discussion in Virginia about whether a City is liable for the intentional torts of its employees. However there are a few circuit court cases that address the issue including this Court.

In *Gordon v. City of Winchester*, 38 Va. Cir. 274 (1995), the Court discussed sovereign immunity as it applied to the same type of defendant as in the present case, the City of Winchester and its police department. The court sustained the demurrers and special pleas of immunity. It stated: "[w]hile the erring police officer, who is allegedly grossly negligent, may be held personally liable, the city and its police department may not be held vicariously liable for his gross negligence." *Id.*, citing Restatement 2d of Torts, 895D, comments g, j. Further, in *Snyder v. City of Alexandria*, 870 F. Supp. 672 (1994), plaintiff alleged that some of the city's police officers committed torts against him including malicious prosecution (which is also present in the case at bar). The Court held that the city could not be held vicariously liable for the malicious prosecution claim because of sovereign immunity. The Court

stated "[b]y statute, Virginia has retained its immunity from 'any claim arising out of the institution or prosecution of any judicial or administrative proceeding, even if without probable cause'." *Id.*, citing Virginia Tort Claims Act, Va. Code § 8.01-195.3(6). So even though an intentional tort was alleged by the plaintiff in *Snyder*, the Court still found immunity because of the exception enumerated in the statute.

As early as 1972, Judge Compton of the City of Richmond ruled in *Slaughter v. Duling*, that cities are immune from liability for injuries resulting from the negligent or deliberate and intentional acts done in the exercise of a governmental function. 33 Va. Cir. 476 (Richmond 1972). In *Hatch v. Musgrove*, this Circuit Court also held that the City of Norfolk was immune from the intentional acts of its employees or agents. 50 Va. Cir. 544 (1996). The Court stated "[t]he Supreme Court of Virginia has never expressly held that the defense of sovereign immunity applies against intentional torts. It has, however, stated ... that a city performing a governmental function is 'not responsible for the *misconduct*, negligence or omissions of the agents employed'." *Id.*, citing *City of Richmond v. Long's Adm'rs*, 58 Va. (17 Gratt.) 375 (1867); *Ashbury v. City of Norfolk*, 152 Va. 278, 147 S.E. 223 (1929). The Court further concluded that the several policies underlying sovereign immunity would be "equally frustrated by liability to suit for the negligent or intentional acts of the sovereign's agents. . . ." *Id.* Further, in *Coward v. City of Richmond*, the Court held that the city was immune from liability for intentional torts committed while performing a governmental function. 40 Va. Cir. 333 (Richmond 1996). Specifically, the Court stated that those states who do find municipalities liable for intentional conduct on the part of its employees or agents under the doctrine of respondeat superior are states in which the doctrine of governmental immunity has been abrogated. *Id.* While Virginia has abrogated some immunity under the Virginia Tort Claims Act, it has not been completely destroyed. *Id.* Therefore, the Court holds that the City is immune from liability for the alleged intentional conduct on the part of its officer employees.

For the reasons set forth in this opinion, defendant's Special Plea of Sovereign Immunity is sustained and plaintiff's case against the City of Norfolk is dismissed.