# CIRCUIT COURT OF THE CITY OF NORFOLK

Nicole Pigott

v.

Tony Ostulano et al.

October 3, 2007

Case No. 07-0482

BY JUDGE CHARLES E. POSTON

The defendants, Bruce P. Marquis and F. E. Emerson, have filed a Demurrer to the Plaintiff's Motion for Judgment and request that this Court dismiss the Plaintiff's case against them. Having considered the parties' submissions and arguments of counsel, the Court holds that Plaintiff's tort claims against these Defendants are barred by the doctrine of sovereign immunity.

*Factual and Procedural History*

Plaintiff alleges that, in the early morning hours of November 13, 2005, Norfolk, Virginia, police officers T. Ostulano, K. M. Gross, S. McWhirter, L. A. Mason, J. M. Horn, and A. S. Howe physically and verbally assaulted her outside a nightclub in Norfolk. Plaintiff alleges that, *inter alia*, the officers slammed her body against their vehicle; choked her so she could not breathe; slammed her face in the pavement; caused her blouse to tear, exposing her

breasts, were verbally abusive to her, and denied her medical attention. Plaintiff claims that the severe and excessive force used by the officers resulted in both mental and physical injuries.

On January 29, 2007, Plaintiff filed this action against the officers as well as Norfolk Police Captain F. E. Emerson and Norfolk's Chief of Police, Bruce P. Marquis. On February 27, 2007, defendants, T. Ostulano and L. A. Mason, removed the case to the United States District Court for the Eastern District of Virginia, Norfolk Division, joined by defendants, J.M. Horn, F. E. Emerson, Bruce P. Marquis, K. M. Gross, and A. S. How (collectively "Defendants"). The defendant S. McWhirter had not then been served with process. The Federal Court later remanded the action to this Court.

The Defendants filed a Demurrer and a brief in support thereof, to which the Plaintiff filed a Brief in Opposition. At issue is the applicability of the doctrine of sovereign immunity.

### Discussion

In Virginia, "as a general rule, the sovereign is immune . . . from actions at law for damages." *Hinchey v. Ogden*, 226 Va. 234, 240, 307 S.E.2d 891, 894 (1983). This immunity extends to municipalities in the exercise of their governmental functions. *Hoggard v. City of Richmond*, 172 Va. 145, 147, 200 S.E. 610, 611 (1939). The City of Norfolk is a municipality. The Supreme Court of Virginia has long held that municipal corporations are agents of the state and, as such, are immune from liability in tort actions when the act occurs in performing a governmental function. *Ashbury v. City of Norfolk*, 152 Va. 278, 282, 147 S.E. 223, 224 (1929); *Boone v. City of Norfolk*, 54 Va. Cir. 166, 167 (Norfolk, 2000). For purposes of immunity, " [a] function is considered governmental if it is the exercise of an entity's political, discretionary, or legislative authority." *Carter v. Chesterfield County Health Comm'n*, 259 Va. 588, 591, 527 S.E.2d 783, 785 (2000).

Specifically, the Supreme Court of Virginia has held, "a city, while acting as a political part of the State in suppressing crime and immorality, in the preservation of peace and good order, is not liable for its acts, although negligently committed by the city or its agents." *Franklin v. Richlands*, 161 Va. 156, 161, 170 S.E. 718, 720 (1933) (citing *City of Lynchburg v. Peters*, 156 Va. 40, 157 S.E. 769 (1931)). In other words, a city performs a vital governmental function by maintaining and operating a police force and is immune from tort liability when acting within that capacity. *See Lambert v. Barrett*, 115 Va. 136, 140, 78 S.E. 586, 597 (1913); *Burch v. Hardwicke*, 71 Va. (30 Gratt.) 24, 35 (1878); *Gordon v. City of Winchester*, 38 Va. Cir. 274,

276 (Winchester, 1995); *Slaughter v. Duling*, 33 Va. Cir. 476, 482-83 (Richmond, 1972). *See also Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (interpreting Virginia law); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 691 (E.D. Va. 1994) (interpreting Virginia law).

Police officers are officers of the state, that is they are "officers whose duties concern the state at large or the general public, although exercised within defined territorial limits. . . ." Their responsibilities, including "the administration of justice, the preservation of the public peace, and the like, although confined to local agencies, are essentially matters of public concern." *Burch*, 71 Va. at 35. In fact, the Supreme Court of Virginia has held that, while police officers "are generally mentioned as city officers," largely because they are employed by the city and "their jurisdiction is confined to the local [city] limits, their duties and functions . . . concern the State. They are State agencies or instrumentalities, operating . . . through the medium of city charters in the preservation of the public peace and good government." Indeed, "they are as much State officers as constables, justices of the peace, and Commonwealth's Attorneys, whose jurisdiction is confined to particular counties." *Lambert*, 115 Va. at 140. As Judge Staples once said:

> When the mob rages in the streets, when the incendiary and assassin are at work, they do not offend against the city, but against the State. When they are detected and arrested, it is by the chief of police and his subordinates, under the authority of the State laws, and as an officer of the State; and when they are tried and convicted, it is by officers representing the State and her sovereign power.

*Winchester v. Redmond*, 93 Va. 711, 716, 25 S.E. 1001, 1002 (1896) (quoting *Burch*, 71 Va. at 34-35).

Therefore, the City of Norfolk and its Police Department enjoy immunity stemming from the wrongful acts of its officers when performing the essential governmental function of maintaining and operating a police force. Those officials who oversee the operation of Norfolk's Police Department are cloaked with the same sovereign immunity that protects the City. In the case at bar, this principle applies to both Captain Emerson and Chief Marquis because they are the named Defendants who serve as two principal commanding officers of Norfolk's Police Department.

In this Commonwealth, municipal officers are not vicariously liable for the tortious acts of their official subordinates. *Sawyer v. Corse*, 58 Va. (17 Gratt.) 230, 241 (1867) (overruled in part as to clerks of court and their

deputies, *First Va. Bank-Colonial v. Baker*, 225 Va. 72, 79, 301 S.E.2d 8, 16 (1983)). The Supreme Court of Virginia has long held that a public officer is not responsible to third persons for the negligence or default of his official subordinates; that is, the doctrine of respondeat superior does not apply to public officers of the government. *Danville v. Pace*, 66 Va. (25 Gratt.) 1, 100 (1874).

In the case *sub judice*, Defendants Marquis and Emerson, are undoubtedly public officers of the City of Norfolk. Because the doctrine of sovereign immunity extends to "all grades of officers," *Richmond v. Long's Adm'rs*, 58 Va. (17 Gratt.) 375, 378 (1867) (reversed on other grounds), public officers are immune from the "misconduct, negligen[ce], and omissions of their subordinates." *Id*. This principle is motivated by "public policy, the necessities of the public service and the perplexities and embarrassments of a contrary doctrine." *Id*. Accordingly, the doctrine shields Defendants, Marquis and Emerson, from any liability emerging from the "misconduct, negligen[ce], and omissions of their subordinates."

In *Gordon v. City of Winchester*, the court discussed sovereign immunity as it applied to the City of Winchester's Police Department. That court stated, "[W]hile the erring police officer, who is allegedly grossly negligent, may be held personally liable, the city *and its police department* may not be held vicariously liable for his gross negligence." *Gordon*, 38 Va. Cir. at 274 (citing Restatement 2d of Torts, 895D, comments g, j) (emphasis added). Although the Plaintiff in the present case is not suing the City of Norfolk or its Police Department directly, she is suing the Chief of Police and a police Captain in their official capacities as officers of the City. Thus, the logic of the *Gordon* Court applies here; just as the Winchester Police Department could not be held vicariously liable for the tortious actions of its subordinates, neither can the defendants Emerson and Marquis in the case at bar.

Moreover, this Court has held that, "[w]hile Virginia has abrogated some immunity under the Virginia Tort Claims Act, it has not been completely destroyed." *Boone*, 54 Va. Cir. at 169 (citing *Coward v. City of Richmond*, 40 Va. Cir. 333 (Richmond, 1996)). Echoing this sentiment, the *Morris* Court held that the Virginia Tort Claim act "expressly disclaims any effort 'to remove or in any way diminish the sovereign immunity of any county, city, or town in the Commonwealth'." *Morris*, 164 F.3d at 221 (quoting Va. Code Ann. § 8.07-195.3). Indeed, the "several policies underlying sovereign immunity would be 'equally frustrated by liability to suit for the negligent or intentional acts of the sovereign's agents'." *Boone*, 54 Va. Cir. at 169 (quoting *Hatch v. Musgrove*, 50 Va. Cir. 544, 546 (Norfolk, 1996)). In other words, the

doctrine of sovereign immunity remains in full force with respect to municipal governments and encompasses Norfolk's Police Department and its commanding officers.

Adhering to this logic, the *Morris* Court dismissed that Plaintiff's tort claims against Defendant, T. Neal Morris, individually and in his capacity as the Chief of Police of the City of Danville Police Department, because there was "no evidence that Morris *actually participated in or authorized*" the alleged tortious actions of police officers from the City of Danville, Virginia. *Morris*, 164 F.3d at 221 (emphasis added). In the present case, neither Captain Emerson nor Police Chief Marquis "actually participated in or authorized" the alleged misconduct of the other named Defendants. Therefore, neither Captain Emerson nor Chief Marquis can be held liable for the actions of the other named Defendants, either individually or in their official capacities as officers of the City of Norfolk.

For these reasons, this Court will sustain Defendants Marquis and Emerson's Demurrer and dismiss the Plaintiff's case against these two Defendants.