PRESENT: All the Justices

THOMAS L. ROBERTSON

OPINION BY
v.  Record No. 130416          JUSTICE CLEO E. POWELL
                               January 10, 2014

WESTERN VIRGINIA WATER AUTHORITY

FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Clifford R. Weckstein, Judge

Thomas L. Robertson ("Robertson") appeals the judgment of the trial court that the doctrine of sovereign immunity applies to bar tort claims against a municipal corporation for the maintenance and operation of a sanitary sewer system. Having determined that the maintenance and operation of a sanitary sewer system is a proprietary function, we will reverse the judgment of the trial court.

I.  BACKGROUND

In late June of 2006, a 12-inch diameter terracotta sewer line burst on real property owned by Robertson. The flow from the broken sewer line caused a partial collapse of a 10-foot high retaining wall running along the rear of the property. As a result, Robertson suffered extensive damage to his property.

Robertson filed a complaint against the owner of the sewer pipe, the Western Virginia Water Authority (the "Authority"). In his complaint, Robertson alleged that the Authority was negligent in its maintenance and operation of the sewer line.

In its answer, the Authority admitted that it owned and maintained the sewer line, but denied negligence.

Prior to trial, the Authority moved for summary judgment on the basis that operating and maintaining the sewer line is a governmental function and, therefore, as a municipal corporation, the doctrine of sovereign immunity precluded liability. After hearing argument by the parties, the trial court determined that "the maintenance and operation in all respects of a sanitary sewer system is a governmental public safety function and that governmental immunity applies to the [Authority]." The trial court granted the Authority's motion for summary judgment.

Robertson appeals.

## II. ANALYSIS

In his appeal, Robertson argues that the maintenance and operation of a municipal sewer system is a proprietary function and, therefore, the Authority is not entitled to sovereign immunity.

"A plea of sovereign immunity presents distinct issues of fact that, if proved, create a bar to a party's alleged right of recovery. The party advancing the sovereign immunity plea bears the burden of proving those issues of fact." Gambrell v. City of Norfolk, 267 Va. 353, 357, 593 S.E.2d 246, 249 (2004) (citations omitted).

> In Virginia, municipal corporations exercise two types of functions, governmental and proprietary. A function is governmental in nature if it is directly related to the general health, safety, and welfare of the citizens. In contrast, a function is proprietary in nature if it involves a privilege and power performed primarily for the benefit of the municipality. As a general rule, when an allegedly negligent act involves the routine maintenance or operation of a service being provided by a municipality, the function is considered to be a proprietary one.
>
> A municipality is immune from liability for negligence in the exercise of a governmental function, as well as for negligence in the failure to exercise a governmental function. However, a municipality is liable, in the same manner as an individual or a private entity, for injuries resulting from negligence in the performance of proprietary functions.

Id. at 357-58, 593 S.E.2d at 249 (citations omitted). See also City of Chesapeake v. Cunningham, 268 Va. 624, 633-35, 604 S.E.2d 420, 426-27 (2004).

It is well established that "when a municipality plans, designs, regulates or provides a service for the common good, it performs a governmental function." City of Chesapeake, 268 Va. at 634, 604 S.E.2d at 426. Thus, if the issue was negligence in the plan or design of the sewer system, the Authority would be immune from liability. Id.

"In contrast, routine maintenance or operation of a municipal service is proprietary." Id. at 634, 604 S.E.2d at

3

427. This Court has recognized that "a municipal corporation may be held liable, as a private person might be, for negligence in the exercise of its proprietary functions." Woods v. Town of Marion, 245 Va. 44, 45, 425 S.E.2d 487, 488 (1993). Indeed, with regard to sanitary sewer systems, this Court has specifically recognized that "'the obligation to establish and open sewers is a legislative duty, while the obligation to keep them in repair is ministerial.'" Chalkley v. City of Richmond, 88 Va. 402, 408, 14 S.E. 339, 341 (1891) (quoting Ashley v. Port Huron, 35 Mich. 296, 300 (1877) (emphasis omitted). "'There is a municipal liability where the property of private persons is flooded, either directly or by water being set back, when this is the result of . . . the negligent failure to keep [sewers] in repair and free from obstructions.'" Id. (quoting John F. Dillon, Commentaries on the law of Municipal Corporations § 1051 (4th ed. 1890)); see also City of Chesapeake, 268 Va. at 635, 604 S.E.2d at 427 (2004) (citing Chalkley for the notion that routine maintenance of a sanitary sewer is proprietary).

Applying these principles to the present case, we hold that the trial court erred in holding that the Authority was entitled to sovereign immunity.

### III.  CONCLUSION

4

For the foregoing reasons, the judgment of the trial court will be reversed and we will remand the case for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>