74

## CIRCUIT COURT OF FAIRFAX COUNTY

Marylou Pearsall

v.

Fairfax County
and Fairfax County
Park Authority

Case No. (Law) 162931

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

July 9, 1998

This matter came before me on May 22, 1998, for a hearing on the Demurrer and Plea in Bar of the County of Fairfax ("County"), as well as the Demurrer and Plea in Bar of the Fairfax County Park Authority ("Park Authority").

Ms. Pearsall alleges that she was injured when a ladder gave way at the Robert E. Lee District Park and Recreation Center swimming pool. She further claims that the Park Authority operated the facility. In briefs filed, she stipulated that the property where the accident occurred is owned and operated by the Park Authority and that the County created and oversees the activities of the Park Authority.[1] She alleges claims against the Park Authority for negligence in Count I and for breach of warranty in Count II and against the County for negligence in Count III and for breach of warranty in Count IV. The Park Authority filed a Plea in Bar to Counts I and II and a Demurrer to Count II. The County filed a Plea in Bar to Counts III and IV and a Demurrer to Count IV.

The plaintiff filed no written opposition to the County's pleadings. The County's Plea in Bar is granted, and its Demurrer is sustained without leave

---
[1] In her Opposition to the Park Authority's Plea in Bar, Ms. Pearsall stipulates to the relationship between Fairfax County and the Park Authority. *See* Plaintiff's Opposition to Fairfax County Park Authority's Plea in Bar at 1.

to amend. The Park Authority's Demurrer is sustained without leave to amend. The primary dispute between the parties rests with the Park Authority's Plea in Bar.

The Park Authority advances three arguments in support of its Plea in Bar. The Park Authority first argues that it is an arm of the Commonwealth of Virginia, and as such, is entitled to sovereign immunity from suits in tort. The Park Authorities Act, Virginia Code § 15.1-1228 through § 15.1-1238.1, provides that the creation of park authorities is an option of localities and is subject to local control. *See Prendergast v. Northern Va. Regional Park Auth.*, 227 Va. 190, 194 (1984). In *Prendergast*, the plaintiffs filed suit alleging that their office building was damaged as a result of restoration work on a neighboring historical building owned by the Northern Virginia Regional Park Authority. The Northern Virginia Regional Park Authority demurred, arguing that, as an arm of the Commonwealth, it enjoyed sovereign immunity. The Virginia Supreme Court held that the Northern Virginia Regional Park Authority was not an arm of the Commonwealth and was not entitled to sovereign immunity. Pursuant to the holding in *Prendergast*, I find that the Park Authority in the instant case is not an arm of the Commonwealth and enjoys no immunity from suits in tort.[2]

Next, the Park Authority argues that it is entitled to limited immunity pursuant to Virginia Code § 29.1-509(E). Section 29.1-509(E) is directed at landowners who permit the use of their land for recreational purposes and provides for limited tort immunity from acts of simple or ordinary negligence for injuries arising from "recreational uses." However, subsection (D) of § 29.1-509 provides that a landowner is not entitled to limited liability when the landowner receives a fee for the use of the premises. Here, Ms. Pearsall alleges in her Motion for Judgment that she paid a fee to the Park Authority for use of the swimming pool at the Robert E. Lee District Park and Recreation Center. *See* ¶ 5 of the Motion for Judgment. I find that the limited immunity available under § 19.2-509(E) does not apply to fee-paying patrons. Thus, the Park Authority is not entitled to limited tort immunity pursuant to § 29.1-509(E).

---

[2] The Park Authority persistently argues that *Prendergast* is distinguishable from the instant case because the Northern Virginia Regional Park Authority in *Prendergast* was created by both cities and counties, and thus, the Northern Virginia Regional Park Authority was entitled to no more immunity than the cities that participated in its creation. However, a close reading of the *Prendergast* decision does not reveal that the Court relied upon, or even considered, this distinction in holding that the Park Authority was not an arm of the Commonwealth.

Finally, the Park Authority argues that Virginia Code § 15.2-1809 bars any recovery against the Park Authority. Section 15.2-1809 grants immunity to localities from liability for personal injuries due to ordinary negligence in the operation of recreational facilities. The Park Authority contends that the swimming pool at Lee District Park is a recreation facility within the meaning of § 15.2-1809. The Park Authority also contends that the definition of "localities" as contained in § 15.2-1809 includes municipalities generally, as well as cities, towns, and counties. The Park Authority claims that it possesses the legal attributes of a municipal corporation[3] and asserts that it is entitled to the immunity provided for in § 15.2-1809. Regardless of whether § 15.2-1809 applies to municipalities and not just cities, towns, and counties, the issue of whether the Park Authority is a municipality requires consideration of facts that are not before me at this time.

The issue, then, is whether a park authority created and overseen by a county is entitled to the same immunity as the county that creates it and oversees its activities. Pursuant to the holding in *VEPCO v. Hampton Redevel. Auth.*, 217 Va. 30 (1976), I find that a park authority is entitled to the same immunity as the county that created it and that oversees its activities. In *VEPCO*, the issue was whether a municipal housing authority, created pursuant to the Housing Authorities Law, was immune from liability for negligence in the operation and maintenance of a housing project under its control. *Id.* at 31. The Court held that "for purposes of uniformity in determining tort immunity, a municipal housing authority should be held to occupy the same status as the municipality which brings it into existence and oversees its activities." *Id.* at 34. Therefore, I find that the Park Authority, which was created and is overseen by the County of Fairfax, is entitled to immunity from suits for such negligence. The Park Authority's Plea in Bar is also granted.

### November 30, 1998

This matter came before me on the plaintiff's Motion for Reconsideration. Upon full review, that motion is denied. The Court's rulings contained in its July 9, 1998, opinion letter are reaffirmed.

---

[3] *See* Park Authority's Reply to Plaintiff's Opposition at 3, n. 2.