## CIRCUIT COURT OF FAIRFAX COUNTY

Alpine Air, Inc.

v.

Metropolitan Washington
Airports Authority

June 30, 2003

Case No. (Law) 211725

BY JUDGE STANLEY P. KLEIN

Defendant, Metropolitan Washington Airports Authority ("MWAA") has filed a plea in bar and a demurrer to a claim for negligence filed against it by Plaintiff Alpine Air, Inc. ("Alpine"). MWAA's plea in bar seeks to invoke MWAA's governmental immunity pursuant to its statutory grant of such immunity under Va. Code § 5.1-153 *et seq.* as a complete bar to Alpine's recovery. MWAA also demurs to Alpine's claim for negligence on the ground that the claim fails to state a claim for which relief may granted because the allegations set forth in the motion for judgment do not adequately allege that MWAA had actual or constructive notice of a dangerous condition leading to the alleged damages incurred by Alpine. Upon consideration of MWAA's plea in bar and demurrer, the briefs filed in support of and in opposition thereto, and the oral arguments of counsel, both the plea in bar and the demurrer are overruled for the reasons that follow.

### I. *Background*

Alpine filed suit against MWAA for negligence arising out of an incident that occurred at Washington Dulles International Airport in February 2001.

An aircraft owned by Alpine allegedly struck a piece of concrete debris left on a runway during its takeoff, resulting in damage to the aircraft. The sole count for negligence in the motion for judgment alleges that MWAA breached a duty "to inspect the runway surface to discover any defects which could cause harm" and to "ensure a clear runway surface for takeoff."

In support of its plea in bar, MWAA argues that it is immune from liability associated with the alleged negligence in this case as it is cloaked with statutory immunity under Va. Code §§ 5.1-153, 5.1-173(B) because the inspection and maintenance of the airport's runway is a *governmental* function under Virginia law. In the alternative, MWAA demurs to the negligence claim on the ground that Alpine's allegations in the motion for judgment fail to allege that MWAA had actual or constructive notice of the alleged concrete debris and therefore, as a matter of law, Alpine's claim fails to state a claim for which relief may be granted.

Alpine responds that the inspection and maintenance of an airport runway is a *proprietary* function which does not afford MWAA blanket governmental immunity for its negligence. Further, Alpine contends that the allegations in the motion for judgment sufficiently aver that MWAA had, at a minimum, sufficient constructive notice of the dangerous condition created by the concrete debris to create a duty to remove the concrete from the runway at Dulles Airport.

## II. *Analysis*

### A. *Plea in Bar*

"[A] plea in bar is a defensive pleading that reduces the litigation to a single issue," *Cooper Industries, Inc. v. Melendez*, 260 Va. 578, 594, 537 S.E.2d 580, 590 (2000) (citations omitted), "which, if proven, creates a bar to the plaintiff's right of recovery." *Id.* "The party asserting a plea in bar carries the burden of proof." *Id.* "Where no evidence is taken in support of a plea in bar, the trial court, and the appellate court upon review, consider solely the pleadings in resolving the issue presented." *Niese v. City of Alexandria*, 264 Va. 230, 233, 564 S.E.2d 127, 129 (2002) (citations omitted). The facts as stated in the pleadings by the plaintiff are taken as true for the purpose of resolving the plea. *Id.* As no evidence was heard at oral argument in support of, or in opposition to the plea, this court considers the allegations set forth in

the motion for judgment and all reasonable inferences deducible therefrom to be true. *Carter v. Williams*, 246 Va. 53, 55, 431 S.E.2d 297, 298 (1993).

MWAA was created by virtue of 49 U.S.C. § 49101 *et seq.* which states that MWAA is "a public authority created by Virginia and the District of Columbia. . . ." 49 U.S.C. § 49103, that shall be "independent of Virginia and its local governments, the District of Columbia, and the United States Government[.]" 49 U.S.C. § 49106(a)(2). Pursuant to the statutory scheme, MWAA "shall operate, maintain, protect, promote, and develop the Metropolitan Washington Airports Authority as a unit ... serving the Metropolitan Washington area." 49 U.S.C. § 49104(a)(1). As a result of this federal legislation, Virginia enacted enabling legislation embodied in Va. Code § 5.1-153 *et seq.* which created MWAA's limited sovereign immunity. The Virginia Code reads in pertinent part as follows.

> The [MWAA] shall be liable for its contracts and for its torts and those of its members, officers, employees, and agents committed in the conduct of any *proprietary function*, in accordance with the law of the Commonwealth of Virginia but shall *not* be liable for any torts occurring in the performance of a *governmental function*.

Va. Code § 5.1-173(B) (emphasis added).

This statutory grant of immunity is equivalent to the immunity that municipalities enjoy under Virginia common law. In Virginia, municipalities are immune from tort liability when exercising governmental functions, but are not immune when exercising proprietary functions. *Niese v. City of Alexandria*, 264 Va. at 239, 564 S.E.2d at 132 (2002). When governmental and proprietary functions coincide, "the governmental function is the overriding factor" and the doctrine of sovereign immunity will shield the locality from liability." *Bialk v. City of Hampton*, 242 Va. 56, 58, 405 S.E.2d 619, 620-21 (1991) (citations omitted). Therefore, the determinative question before this court is whether MWAA's duty to inspect and maintain a municipal airport's runway is a governmental or a proprietary function under Virginia law. "A function is governmental if it is 'directly tied to the health, safety, and welfare of the citizens'." *Id.* (quoting *Edwards v. City of Portsmouth*, 237 Va. 167, 171, 375 S.E.2d 747, 750 (1989)). A governmental function may be characterized as "the exercise of an entity's political, discretionary, or legislative authority." *Carter v. Chesterfield County Health*

*Comm'n*, 259 Va. 588, 591, 527 S.E.2d 783, 785 (2000) (citing *First Va. Bank-Colonial v. Baker*, 225 Va. 72, 301 S.E.2d 8 (1983)). Conversely, a proprietary function is one that involves the exercise of ministerial acts "assumed in consideration of the privileges conferred by charter and involves no discretion." *Carter*, 259 Va. at 591, 527 S.E.2d 783, 785 (2000). The regulation of traffic or a similar activity intended to protect the general public safety is generally a governmental function of a municipality. *Transportation, Inc. v. City of Falls Church*, 219 Va. 1004, 1006, 254 S.E.2d 62, 64 (1979). However, the routine maintenance of a municipality's streets is a proprietary function "subjecting a city to liability for its failure to maintain its streets in good repair and in safe condition for travel, free from dangerous defects or obstructions." *Bialk*, 242 Va. at 58, 405 S.E.2d at 620 (citing *City of Richmond v. Branch*, 205 Va. 424, 428, 137 S.E.2d 882, 885 (1964)); see also *Harrell v. City of Norfolk*, 265 Va. 500, 503, 578 S.E.2d 756, 757 (2003).

MWAA contends that the inspection of airport runways is a governmental function because such inspection is a part of MWAA's statutory mandate in Va. Code § 5.1-156 and hence performed for the benefit of the public. Section 5.1-156 provides in pertinent part:

> A. For the purpose of acquiring, operating, maintaining, developing, promoting, and protecting Ronald Reagan Washington National Airport and Washington Dulles International Airport together as primary airports for public purposes serving the metropolitan Washington area, the Authority shall have all necessary or convenient powers including, but not limited to, the power. . . .
>
> 2. To plan, establish, operate, develop, construct, enlarge, maintain, equip, and protect the airports. . . .

Va. Code § 5.1-156.

In support of this argument, MWAA relies principally on several circuit court cases finding certain types of building inspections to be governmental functions. See *Dunn v. City of Williamsburg*, 35 Va. Cir. 420, 422-23, Va. Cir. Lexis 13 (City of Williamsburg (1995); *Boyd v. Cleveland Brown*, 12 Va. Cir. 54, Va. Cir. Lexis 115 (City of Newport New (1986)); *Kane v. MWAA*, Circuit Court of Arlington County, Law No. 01-156. In these decisions, the courts found the inspections of buildings to be governmental functions

because such inspections were required to be performed to protect the public's health, safety, and welfare. *Id.* However, in *Kane v. MWAA*, wherein the inspection of an airport terminal's alarm system was found to be a governmental function, Judge Newman aptly noted that not all of MWAA's duties are to be considered governmental functions. "MWAA's liability must be determined by the nature of the particular action and the functions being addressed. Without speculating on future causes of action, it is sufficient to recognize *that there are many functions performed by the MWAA that are indeed proprietary.*" *Kane v. MWAA*, Circuit Court of Arlington County, Law No. 01-156, n. 6 (emphasis added).

It is well settled that the routine maintenance of streets is considered to be a proprietary function under Virginia law. See *Harrell*, 265 Va. at 503, 578 S.E.2d 756, 757 (2003); *Transportation, Inc. v. City of Falls Church*, 219 Va. 1004, 1005, 254 S.E.2d 62, 63 (1979); *City of Richmond v. Branch*, 205 Va. at 428-29, 137 S.E.2d at 885 (1964); *City of Norfolk v. Hall*, 175 Va. 545, 551-53, 9 S.E.2d 356, 359-60 (1940). In fact, the Supreme Court of Virginia has found that the duty to remove obstructions from public thoroughfares can be a proprietary rather than a governmental function. In *Woods v. Town of Marion*, 245 Va. 44, 425 S.E.2d 487 (1993), the Supreme Court found that that the removal of ice from a city's street was a proprietary function subjecting the municipality to tort liability. The Court, in *Woods*, distinguished *Bialk v. City of Hampton*, 242 Va. 56, 405 S.E.2d 619 (1991) (emergency snow-removal in an emergency is a governmental function), and *Fenon v. City of Norfolk*, 203 Va. 551, 125 S.E.2d 808 (1962) (emergency removal of some 800 downed trees following a hurricane is a governmental function), on the basis that the ice removal in *Woods* was not caused by an emergency situation where action by the municipality was required to restore vital public services. *Woods*, 245 Va. at 46, 425 S.E.2d at 489.

Here, the alleged negligent inspection and maintenance of the runway is not tied to a snow storm nor any other emergency situation. This court finds no legal distinction between the routine maintenance of municipal streets and the routine maintenance of airport runways. As such, at this stage of these proceedings, when the court considers only the allegations set forth in the motion for judgment, *Niese v. City of Alexandria*, 264 Va. at 233, 564 S.E.2d at 129, this court finds that MWAA has not met its burden to demonstrate that MWAA's duty to inspect and maintain the airport's runway is a governmental function. Accordingly, MWAA's Plea in Bar is overruled.

## B. *Demurrer*

A demurrer tests the legal sufficiency of the claims stated in the pleading challenged. *Dray v. New Market Poultry Products, Inc.*, 258 Va. 187, 189, 518 S.E.2d 312 (1999). "The sole question to be decided by the court is whether the facts pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against Defendant." *Thompson v. Skate America, Inc.*, 261 Va. 121, 128, 540 S.E.2d 123, 126-27 (2001). On demurrer, the court must accept "the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts." *Cox Cable Hampton Roads, Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991). "A demurrer does not admit the correctness of any conclusions of law." *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997).

In support of its demurrer, MWAA asks the court to rule that the motion for judgment fails to state a claim for which relief may be granted because the allegations set forth therein fail to allege that MWAA had either actual or constructive notice of the concrete debris on the runway as required under Virginia law. See *City of Virginia Beach v. Roman*, 201 Va. 879, 114 S.E.2d 749 (1960). Alpine counters that the allegations in the motion for judgment are sufficient, at the very least, to allege that MWAA had constructive notice of the defect prior to the incident. Viewing the allegations set forth in the motion for judgment in the light most favorable to Alpine, the court finds that the facts as pleaded and all reasonable inferences arising therefrom are sufficient to support a claim for negligence against MWAA. Paragraphs 8, 9, 16, 17, 18, and 19 of the motion for judgment, read together, imply that agents or employees of MWAA knew or should have known of the dangerous condition existing on the runway and failed to take appropriate action. Accordingly, the demurrer must also be overruled.

### III. *Conclusion*

For the reasons set out above, MWAA's plea in bar and demurrer are both overruled.

*Order*

This matter came before the Court Defendant's Plea in Bar and Demurrer. For the reasons stated in this Court's opinion letter dated June 30, 2003, which is attached hereto and made a part hereof, the Plea in Bar and Demurrer are overruled.