Aaron B. Vivian

v.

Honda Motor Co., Ltd., et al.

March 31, 2004

Case No. (Law) 205401

BY JUDGE KATHLEEN H. MACKAY

This matter came before me on February 27, 2004, on the Commonwealth's plea of immunity from suit. I took that plea under advisement. As explained below, I am now granting the Commonwealth's plea, and dismissing Plaintiff's claims against it.

The Commonwealth's immunity argument raised two issues: first, whether Plaintiff's notice to the Commonwealth restricted him to a negligent design claim; second, whether Plaintiff has stated any claims against which the Commonwealth is not immune.

Virginia's Tort Claims Act states in pertinent part that "every claim cognizable against the Commonwealth ... shall be forever barred unless the claimant ... has filed a written statement of the nature of the claim, which includes the time and place at which the incident is alleged to have occurred and the agencies alleged to be liable." Va. Code § 8.01-195.6. In this case, Plaintiff properly filed a statement of his claim, identifying the specific time and place of the accident at issue and stating that his claim was based on, among other, unidentified, things, the Virginia Transportation Department's negligent design of Fairfax County Parkway, Route 7100.

In applying this notice provision, courts have held that plaintiffs must specifically identify the time and location of incidents leading to their

claims. For example, in *Halberstam v. Commonwealth*, the Supreme Court held that the plaintiff did not comply with the notice requirement where her notice stated only that the accident had occurred in a George Mason University parking lot, without specifying which parking lot. 251 Va. 248, 467 S.E.2d 783 (1996). Full and specific information as to time and place must, therefore, be communicated to the Commonwealth. However, it is less clear how specifically the "nature of the claim" must be communicated.

The Commonwealth has asked that Plaintiff be strictly limited to the negligent design claim stated in his notice. However, the Code does not require notice of every count in a plaintiff's action; it merely requires notice of the nature of the claim. Here, Plaintiff gave notice of the accident and of his intention to bring, "among other things," a negligent design claim. He subsequently brought a negligence claim, encompassing negligent design, construction, maintenance, and/or signposting. It is difficult to see, therefore, that the Commonwealth lacked notice of the type of claim against it.

Furthermore, it should be noted that the Supreme Court has identified several benefits provided by such notice: it permits the Commonwealth to promptly investigate tort claims, "to correct dangerous or defective conditions, and, where justified, to avoid the expense and delay of litigation by making voluntary settlements with claimants." *Crewe v. Marler*, 228 Va. 109, 112, 319 S.E.2d 748 (1984) (discussing an analogous Code provision that requires plaintiffs to provide notice to municipalities before bringing lawsuits against them). In this case, Plaintiff's notice ensured that the Commonwealth could investigate the incident, cure any dangerous conditions, and enter into settlement negotiations; it, therefore, ensured that the policy goals outlined above were met. Plaintiff should not be held to a more exacting standard.

Having found that Plaintiff's claims of negligent design, construction, maintenance, and signposting are not barred by the notice he gave the Commonwealth, the Court must next consider whether these claims are barred for any other reason. Specifically, because the narrow derogation from immunity embodied in the Tort Claims Act precludes claims relating to legislative government functions, it must be determined whether Plaintiff's claims arise from such functions. Va. Code § 8.01-195.3. Legislative functions have been defined as those performed exclusively for public or governmental purposes; their performance is discretionary. *Jones v. Williamsburg*, 97 Va. 722, 723, 34 S.E. 883 (1900). Such functions are to be contrasted with proprietary ones, for which the government does not have immunity.

Courts have found street design to be a legislative function, as to which the Commonwealth retains immunity. *See, e.g. Bialk v. City of Hampton*, 242

Va. 56, 405 S.E.2d 619 (1991) ("Generally, the planning, designing, laying out, and construction of streets and roads has been held to be a governmental function;" immunity attaches to the exercise of such functions). On the other hand, road maintenance has been held to be proprietary. *See, e.g. Harrell v. City of Norfolk*, 265 Va. 500, 578 S.E.2d 756 (2003). Plaintiff's specific allegations implicate negligent design, improper maintenance, failure to erect proper signposts to control traffic, and failure to study Route 7100 so as to make it safer.

As discussed above, Plaintiff's negligent design claim cannot be brought against the Commonwealth. His claim that Virginia failed to study the road and make it safer also implicates notions of design and is barred. The claim as to signposting is also barred under the Supreme Court's analysis in *Harrell. Id.* In that case, the Court found that the placement and maintenance of traffic signs relates to traffic regulation, a legislative function. *Id.* at 503.

Plaintiff, therefore, is reduced to his negligent maintenance claim. However, he has raised no facts in support of that claim, such as that the road surface was damaged or hazardous. Instead, he has claimed simply that the road was poorly maintained because it allowed cars traveling in one direction to cross the median into oncoming traffic. This allegation goes more towards negligent design than maintenance. A more typical negligent maintenance claim is presented by *City of Norfolk v. Hall*, 175 Va. 545, 9 S.E.2d 356 (1940). There, the Court allowed recovery where Norfolk had allowed two gutters crossing the road surface to erode to the point that they endangered drivers. The City was not, therefore, liable because it had poorly planned the road and gutters, but because it had allowed them to fall into disrepair.

Therefore, as Plaintiff's maintenance claim appears to be a negligent design claim brought under the guise of maintenance, the Commonwealth's immunity attaches to it as well. For the foregoing reasons, Plaintiff's claims against the Commonwealth should be dismissed. The Commonwealth's immunity plea is sustained. However, Plaintiff is given leave to amend his claim for negligent maintenance.