# CIRCUIT COURT OF THE CITY OF ROANOKE

Stephen A. Foster
and Linda C. Foster

v.

Western Virginia
Water Authority

March 29, 2007

Case No. CL 06-1509

By Judge Jonathan M. Apgar

This matter is before the Court on the Defendant's Demurrer, based on the doctrine of sovereign immunity, in response to the Plaintiffs' Complaint. For the reasons that follow, the Defendant's Demurrer is sustained.

*Facts*

Plaintiffs allege that, on September 28, 2004, a sanitary sewer line with a manhole cover flooded the Plaintiffs' property located at 2918 Franklin Road, S.W., in the City of Roanoke. The alleged cause of the sewer line break and subsequent flooding was that the line was filled to such an extent as to cause an eruption of water from a manhole in the sewer line. Plaintiffs further allege that water emanated from the manhole again on March 28, 2005, also leading to flooding on the property. Plaintiffs allege that they suffered damage to personal property and real estate due to the defendant's negligence and carelessness.

The sanitary sewer line at issue is owned and operated by the Defendant, the Western Virginia Water Authority ("WVWA"). This public service authority was created on July 1, 2004, when the water and wastewater operations for the City of Roanoke and Roanoke County were consolidated to provide water service to the citizens of the city and county. The Virginia Water and Waste Authorities Act authorizes "two or more localities to create a water authority, a sewer authority, a sewage disposal authority, a stormwater authority, a refuse collection and disposal authority, or any combination or parts thereof." Va. Code § 15.2-5102. The WVWA has the duty to maintain, operate, and develop an adequate and sufficient sanitary sewer system for the inhabitants of the City and County of Roanoke. In response to the Plaintiffs' Complaint, the Defendant demurs and asserts the doctrine of sovereign immunity.

## Analysis

### A. *Introduction*

Sovereign immunity is an ancient rule of law which protects some governmental entities and their employees from certain types of lawsuits. Sovereign immunity protects the public purse and ensures that the state is not "controlled in the use and disposition of the means required for the proper administration of the government." *The Siren*, 74 U.S. (7 Wall.) 152, 154, 19 L. Ed. 129 (1868). Without sovereign immunity there would be a "danger to the public in the form of officials being fearful and unwilling to carry out their public duties" and "public service might be threatened because citizens might be reluctant to take public jobs." *Messina v. Burden*, 228 Va. 301, 307, 321 S.E.2d 657 (1984). Put simply, sovereign immunity ensures that the government's operations are not hindered by lawsuits.

The doctrine of sovereign immunity is "alive and well in Virginia." *Id.* As counties are political subdivisions of the state, they possess the same sovereign immunity that the state does and unless a state statute provides otherwise, counties receive the same immunity from tort suits. Cities and towns enjoy sovereign immunity when acting in a "governmental" capacity, but not when acting in a "proprietary" capacity. *Mann v. Arlington County Board*, 199 Va. 169, 98 S.E.2d 515 (1957). The questions at issue in the case at hand are (1) whether, by virtue of being a combined entity (municipal and county), the WVWA enjoys the sovereign immunity of the county and (2) if not whether the WVWA nonetheless enjoys sovereign immunity because of its performance of a governmental function.

## B. *Western Virginia Water Authority Retains the Protection of a County Organization*

Under Virginia law, county immunity is retained even when the county takes on characteristics of a city and exercises many powers and performs services rendered by a city. *Id.* at 175. In March of 2002, the Roanoke County Board of Supervisors and the Roanoke City Council voted to authorize a plan that created a joint regional water and wastewater authority. Defendant's Memorandum in Support of Demurrer, at 4. Under the rule established in *Mann*, the sovereign immunity given to a county is retained because the WVWA is a joint county-city entity that performs services (water and sewer) rendered by a city. Furthermore, another circuit court has similarly held that authorities hold the same status as their creating entities. In *Pearsall v. County of Fairfax*, 47 Va. Cir. 74 (Fairfax Co. 1998), the court held that a county park authority was entitled to the same sovereign immunity as the county that created it. 1995 Op. Va. Att'y Gen 72 (when a county and school board create a new legal entity pursuant to Va. Code § 15.2-1300, that entity is entitled to sovereign immunity to the same degree as the county and school board are entitled); see also 1997 Op. Va. Att'y Gen. 123. In the instant case, the WVWA was created by Roanoke County (albeit in conjunction with Roanoke City) and incorporated under Virginia Code § 15.2-5100 *et seq*. Since the WVWA was created in part by a county authority, it is reasonable to confer county sovereign immunity to the WVWA.

## C. *Even If Categorized as a Municipality, the WVWA Was Performing a Governmental Function and Therefore Receives Immunity*

Even if the WVWA does not quality for the sovereign immunity of the county and is deemed a municipality, it may still avoid liability depending on whether its actions are governmental or proprietary. Cities and towns are entitled to sovereign immunity only when they are engaged in governmental functions. A governmental function is a function that is carried out solely for the public good. *Edwards v. City of Portsmouth*, 237 Va. 167, 375 S.E.2d 747 (1989); *City of Richmond v. Long's Administrators*, 58 Va. (17 Gratt.) 375 (1867); *Fenon v. City of Norfolk*, 203 Va. 551, 125 S.E.2d 808 (1962); *Hoggard v. City of Richmond*, 172 Va. 145, 200 S.E. 610 (1939). In *Carter v. Chesterfield County Health Commissioner*, the Virginia Supreme Court described governmental functions as "exercises of a municipality's discretion, activities undertaken for the common good or in the interest of public health and safely, and exercises of powers delegated or imposed upon the municipality. *Carter v. Chesterfield County Health Commissioner*, 259 Va. 588, 527 S.E.2d 783 (2000). The test to determine the governmental-proprietary distinction was established in *Haggard v.*

*City of Richmond. Hoggard v. City of Richmond*, 172 Va. 145, 200 S.E. 610 (1939). This case states that the underlying test of whether a function is governmental or proprietary is "whether the act is for the common good of all without the element of special corporate benefit or pecuniary benefit. If it is, there is no liability, if it is not, there may be liability." *Id.* at 150. In order to apply this test, one must understand that a municipality is clothed with a two-fold function: the first function is to benefit the residents of the city or town and the second function is to benefit members of the general public who are not necessarily residents of the municipal corporation. While water service ostensibly only benefits the recipient of the water, the general public receives the benefit of wastewater and sewer service. A system that ensures the sanitary treatment and disposal of sewage is universal and utilized by both residents and non-residents. In the case at hand, the WVWA was furthering the interest of the general public by maintaining and operating a sanitary sewer line.

When the municipality acts in order to further the interests of the public at large, the municipality is protected by sovereign immunity because it is acting as an agent of the state. In general, a municipality is immune when engaged in the engineering, designing, and planning of water, sewer, and drainage systems. However, once a system has been constructed and experience shows it to be inadequate, liability may attach. *Stansbury v. Richmond*, 116 Va. 205, 81 S.E. 26 (1914). In water and sewer cases, there is no liability without actual negligence in construction or operation, notice to the authorities of a break or overflow accompanied by failure to repair promptly, or actual notice, from similar prior occurrences, of defective maintenance. *City of Richmond v. Hood Rubber Products Co.*, 168 Va. 11, 23, 190 S.E. 95 (1937). In order to recover on a claim of negligent maintenance, the plaintiff must prove that the municipality had actual or constructive notice of the danger. *City of Norfolk v. Hall*, 175 Va. 545, 9 S.E.2d 356 (1940); *Wilshin v. City of Fredericksburg*, 26 Va. Cir. 329 (Fredericksburg 1992); *Virginia Beach v. Roman*, 201 Va. 879, 114 S.E.2d 749 (1960). A municipality is deemed to have constructive notice when "the defect is shown to be so notorious as to be observable by all for a sufficient time to enable the corporation to repair it." *Virginia Beach v. Roman*, 201 Va. 879, 883, 114 S.E.2d 749 (1960). In sewer backup cases, the plaintiff must prove that the primary negligence of the municipality proximately caused the damage. *Town of West Point v. Evans*, 224 Va. 625, 299 S.E.2d 349 (1983). The facts of this case, as pleaded by the Plaintiffs, do not show that the WVWA had constructive or actual notice of the danger or that the WVWA was negligent.

A municipality is immune from liability for negligence in the exercise of governmental functions. It may be liable, however, just as a private corporation, for negligence in the exercise of its *proprietary* functions. *Transportation, Inc. v. Falls Church*, 219 Va. 1004, 1005, 254

S.E.2d 62 (1979). When governmental and proprietary functions coincide, the Virginia Supreme Court has held that the municipality will be accorded immunity. *Bialk v. City of Hampton*. 242 Va. 56, 405 S.E.2d 619 (1991); *Transportation, Inc. v. Falls Church*, 219 Va. 1004, 1006, 254 S.E.2d 62 (1979); *Taylor v. Newport News*, 214 Va. 9, 197 S.E.2d 209 (1973). In *Bialk v. City of Hampton*, 242 Va. 56, 405 S.E.2d 619 (1991), the court held that, when clearing snowfall from streets after a storm (governmental function) coincided with maintaining the surface of the street (proprietary function), the municipality was accorded immunity because the governmental factor is controlling. Additionally, in *Transportation, Inc. v. Falls Church*, 219 Va. 1004, 1006, 254 S.E.2d 62 (1979), the Court held that, when traffic regulation (governmental function) coincided with street maintenance (proprietary function), the municipality was not liable. And finally, in *Taylor v. Newport News*, 214 Va. 9, 197 S.E.2d 209 (1973), the court held that, when garbage collection (governmental function) coincided with sidewalk maintenance (proprietary function), the municipality was not liable. As noted above, the provision of sewer service is deemed to be a governmental activity and the provision of water service is deemed proprietary. *Richmond v. Warehouse Corp.*, 148 Va. 60, 138 S.E. 503 (1927). It is consistent with case law to conclude that since the two functions (sewer and water) coincide, the governmental factor is determinative in the present case. Therefore, because the WVWA was performing a governmental function it should be accorded the sovereign immunity.

Lastly, in an unpublished Virginia circuit court decision, *Wilshin v. City of Fredericksburg*, No. 920938 (Va. February 26, 1993), the Court held that the city's design of a sanitary sewer system was a governmental function entitling the city to sovereign immunity for negligent performance of this function. Also in *Gayda v. Gibbs*, 45 Va. Cir. 176 (City of Norfolk 1998), the Court held that maintenance and operation of a sewer system are governmental functions "done for the common good and directly related to the health and safety of the citizens of the City of Norfolk." *Gayda v. Gibbs*, 45 Va. Cir. 176, 177 (City of Norfolk 1998).

## Conclusion

According to the facts stated above, Plaintiffs fail to state a claim upon which relief can be granted. The Demurrer is sustained.