# CIRCUIT COURT OF THE CITY OF ROANOKE

Thomas L. Robertson

v.

Western Virginia
Water Authority

July 25, 2011

Case No. CL07-1316

By Judge Clifford R. Weckstein

In this suit, a landowner asserts that he is entitled to compensation for severe property damage caused by the Western Virginia Water Authority's negligent maintenance, inspection, protection, and operation of a sanitary sewer line. Relying on two recent decisions of this Court,[1] the Authority asserts that this suit is barred by the ancient doctrine of sovereign immunity. The authority contends that it stands in the same shoes as the Commonwealth and its counties, absolutely immune to any claim of tort liability.

I decided one of the cases upon which the Authority relies. For reasons set forth below, I now determine:

a. That the Western Virginia Water Authority is, by statute and case law, a municipality or municipal corporation;[2]

b. That the Authority is not entitled to the absolute sovereign immunity enjoyed by the Commonwealth and its counties; and

c. That this Court's prior holdings to the contrary were erroneous.

Litigants whose causes are adjudicated in the courts of this Commonwealth are entitled to "the orderly administration of justice," to

---

[1]    *Harris v. Western Va. Water Authority, et al.*, No. CL08-2281 (April 14, 2009) (City of Roanoke, Weckstein, J.); *Foster v. Western Va. Water Auth.*, 81 Va. Cir. 481, 483 (2007) (City of Roanoke, Apgar, J.).

[2]    "By both judicial recognition and common usage 'municipality' is a modern synonym of 'municipal corporation'." *Richmond v. Richmond Metro. Auth.*, 210 Va. 645, 646, 172 S.E.2d 831, 832 (1970).

"consistent, predictable, and balanced application of legal principles,"[3] by judges who, at a minimum, perform the duties of their office impartially and diligently. *See* Virginia Canons of Judicial Conduct, Canon III. These principles, and the cause of equal justice under the law, cannot be advanced if a judge makes an erroneous decision solely to maintain consistency with the judge's own equally-erroneous past decision.[4] In the words of then-Chief Justice Harry L. Carrico, "the law does not follow the thesis that two wrongs make a right." *Manassas v. Rosson*, 224 Va. 12, 22, 294 S.E.2d 799, 804 (1982).

### Sovereign Immunity

"The doctrine of sovereign immunity" it is usually said, originated with "the fictional premise[s] that the 'king can do no wrong'," *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 87 (1989) (Stevens, J., dissenting), and that the king could not be sued in his own courts. *Alden v. Maine*, 527 U.S. 706, 745 (1999). "It is an established principle of jurisprudence in all civilized nations that the sovereign [State] cannot be sued in its own courts . . . without its consent and permission." *Beers v. Arkansas*, 61 U.S. (20 How.) 527, 529 (1858), quoted with approval in *Alden*, 527 U.S. at 745; *Gray v. Virginia Sec'y of Transp.*, 276 Va. 93, 101, 662 S.E.2d 66, 70 (2008) (same) (quoting *Board of Public Works v. Gannt*, 76 Va. 455, 461 (1882), which used the quoted language from *Beers* without attribution, adding the bracketed word "State"). "[T]he doctrine of sovereign immunity is 'alive and well' in Virginia." *Gray, id.*, 276 Va. at 101, quoting *Messina v. Burden*, 228 Va. 301, 307, 321 S.E.2d 657, 660 (1984) (duplicate quotation marks omitted). "[T]he Commonwealth is immune from liability for damages" except when it has waived that immunity. *Ligon v. County of Goochland*, 279 Va. 312, 316, 689 S.E.2d 666, 668 (2010). Virginia counties, as "political subdivisions of the Commonwealth," enjoy the same immunity. *Id.; also see Mann v. County Board of Arlington County*, 199 Va. 169, 174, 98 S.E.2d 515, 518 (1957); *Fry v. County of Albemarle*, 86 Va. 195, 197-98, 9 S.E. 1004, 1005 (1890).

---

[3] *See Castle v. Lester*, 272 Va. 591, 601-02, 636 S.E.2d 342, 347 (2006), quoting *Pulliam v. Coastal Emergency Servs., Inc.*, 257 Va. 1, 10, 509 S.E.2d 307, 312 (1999), in turn quoting *Selected Risks Ins. Co. v. Dean*, 233 Va. 260, 265, 355 S.E.2d 579, 581 (1987).

[4] *Cf. Zemprelli v. Thornburgh*, 423 A.2d 1072, 1075 (Pa. Commw. Ct. 1980) ("No legally operative principle has yet countered the philosophical dictum by which Ralph Waldo Emerson has, over the years, comforted judges along with legislators and executives, stating that a 'foolish consistency is the hobgoblin of little minds'.") quoting R. W. Emerson, *Essays by Ralph Waldo Emerson, First and Second Series*, "Self Reliance," p. 32 (Thomas Y. Crowell & Co. 1883). Although Virginia trial court opinions may be persuasive authority, I do not understand them to have binding precedential value under the rules of *stare decisis*.

## Immunity of Municipal Corporations

In Virginia, cities and other municipal corporations are not part of the county (or counties) by which they are surrounded. They are separate political and corporate entities created or authorized by the General Assembly.[5] Unlike counties, they do not enjoy the sovereign's absolute immunity.

"In the context of sovereign immunity, Virginia municipal corporations exercise two types of functions: governmental and proprietary. *City of Chesapeake v. Cunningham*, 268 Va. 624, 633, 604 S.E.2d 420, 426 (2004). Sovereign immunity protects them only from claims arising from their exercise of governmental functions. *Id.; also see Gambrel v. City of Norfolk*, 257 Va. 353, 357-58, 593 S.E.2d 246, 249 (2004); *Harrell v. City of Norfolk*, 265 Va. 500, 502, 578 S.E.2d 756, 757 (2003); *Niese v. City of Alexandria*, 264 Va. 230, 238, 564 S.E.2d 127, 132 (2002). They have no immunity, however, for what they do, or fail to do, when they exercise proprietary functions. *Chesapeake v. Cunningham*, 268 Va. at 625; *also see City of Virginia Beach v. Carmichael Dev. Co.*, 259 Va. 493, 499, 527 S.E.2d 778, 782 (2000). "[A] municipality is liable, in the same manner as an individual or a private entity, for injuries resulting from negligence in the performance of proprietary functions." *Harrell*, 265 Va. at 502, 578 S.E.2d at 757 (2003); *Woods*, 245 Va. at 45, 425 S.E.2d at 488.

Our Supreme Court has remarked that the difference between governmental and proprietary functions "is more readily stated in theory rather than applied in actual practice." *Chesapeake v. Cunningham*, 268 Va. at 635; *see Carter v. Chesterfield County Health Comm'n*, 259 Va. 588, 592, 527 S.E.2d 783, 785 (2000) ("Although the principles for differentiating governmental and proprietary functions are easily recited, as we have often noted, application of these principles 'has occasioned much difficulty'.") (Citation omitted.)

In theory, functions that involve the exercise of the governmental entity's political, discretionary, or legislative authority" or are "performed exclusively for the public welfare" are governmental. Functions carried out primarily for the benefit of the municipal corporation are likely to be deemed proprietary, as are ministerial acts that do not require the exercise of discretion or judgment. *Id.* at 634.

---

[5] *See* Virginia Const., Art. VII, § 1; Jean Gottmann, *Virginia in Our Century* (new printing with supplemental chapter) at 619 (1969) ("A fundamental and unique feature of [local government in] Virginia is separation between county and city; independent cities are politically and administratively separated from the county or counties in which they are geographically located.").

*Formation of the Western Virginia Water Authority*

The Western Virginia Water Authority was formed by joint agreement of the County and the City of Roanoke, Virginia, consolidating relevant operations of the two localities to provide water, sewer, sewage disposal, and storm water control to both jurisdictions. The Authority's Certificate of Incorporation was issued on March 2, 2004, an Operating Agreement was signed on June 30, 2004, and the Authority began its operations on July 1, 2004. The incorporating political subdivisions signed Amended and Restated Articles of Incorporation, admitted to record in the office of the Clerk of the State Corporation Commission on September 12, 2005. Subsequently (and immaterial to any issue in this case), Franklin County joined the Authority. During oral argument on Friday afternoon, July 22, 2011, the parties agreed that an attorney from the law firm that serves as the Authority's general counsel would that afternoon deliver to my office copies of the Authority's organic documents. She did so. The parties also agreed that the documents so delivered would be accepted as accurate and as properly before the Court to be considered as evidence on the Authority's Plea in Bar. No other evidence was offered.

The Authority's Articles of Incorporation show that the Authority was created by Roanoke City and County pursuant to the provisions of Chapter 51 of Title 15.2 of the 1950 Code of Virginia (as amended), Virginia Code §§ 15.2-5100 *et seq.*, the "Virginia Water and Waste Authorities Act." "This chapter shall be known and may be cited as the "Virginia Water and Waste Authorities Act." Virginia Code § 15.2-5100.

Virginia Code § 15.2-5102(A) is the statute that specifically authorized these two localities to form the Water Authority. That statute pertinently provides that "The authority shall be a public body politic and corporate and a political subdivision of the Commonwealth." *Id.*

Is this "public body politic and corporate" a municipal corporation, rather than (as judges of this Court previously had held) an entity that continues to possess the governmental and political characteristics of Roanoke County? Before answering that question, I must revisit a case that the Authority, and this Court, have relied upon.

*A Case Misconstrued*

The case, decided by the Supreme Court of Virginia in 1957, is *Mann v. County Board of Arlington County*, 199 Va. 169, 98 S.E.2d 515 (1957). This Court correctly relied upon *Mann* for the proposition that "county immunity is retained even when the county takes on characteristics of a city and exercises many powers and performs services rendered by a city." *Foster v. Western Virginia Water Auth.*, 81 Va. Cir. 481, 483 (2007). I find, however, no support in the text of *Mann* for holding, as I did, that "[u]nder

the rule established in *Mann*," an authority created by a county and a city retains the characteristics of counties for sovereign immunity purposes. *Id.* This type of immunity is also referred to as "governmental immunity"). Here is what the *Mann* opinion said:

> Years ago, Virginia committed itself to the principle that counties were not liable for tortious personal injuries resulting from negligence of its officers, servants, and employees.
>
> The applicability of this principle to Arlington county is challenged by plaintiff. As Arlington county elected to withdraw from the operation of Acts 1932, ch. 415, p. 872, as amended, now § 33-44, Code 1950, *et seq.*, and operate its own system of roads, plaintiff insists that it should be held liable for torts caused by their negligent construction and maintenance. It is argued that the same standard of care and principle of responsibility resulting from construction and operation of these areas should be applied to Arlington county as are applied to a municipal corporation. This argument, however, fails to take into account the principle that a county cannot be sued unless and until that right and liability be conferred by law. Though Virginia has enacted legislation allowing counties to sue and be sued upon contractual obligations (§ 15-3, Code 1950), yet we find no legislation allowing it to be sued for tortious personal injuries. *Fry v. County of Albemarle,[6] supra.* If liability for negligent personal injuries is to be imposed upon it, this should be accomplished through legislative action and not by judicial fiat. The principle of non-liability of a county for tortious personal injuries was determined in *Fry v. County of Albemarle, supra,* and has been restated in several subsequent decisions.
>
> Though Arlington county has taken on characteristics of a city and exercises many powers and performs services rendered by municipal corporations (§ 15-10, Code 1950), yet those facts do not justify our disturbance of a settled principle of law and departure from the doctrine of *stare decisis*. . . .
>
> Arlington County being a political subdivision of the State, its freedom from liability for this tort may be likened to the immunity that is inherent in the State. It is fundamental and jurisdictional.

*Mann*, 199 Va. at 174-76 (citations omitted).

That is, *Mann* reiterates that a county enjoys sovereign immunity, no matter how urbanized the county may have become. *Mann* does not discuss,

---

[6]    86 Va. 195, 9 S.E. 1004 (1890).

even in *dictum*, the immunity status of an entity that a county participates in creating.

*Essential Attributes of a Municipal Corporation*

We return, then, to the question of whether the Authority as a "public body and corporate" is, for immunity purposes, a municipal corporation. Our Supreme Court has identified six essential attributes of a municipal corporation. *Richmond v. Richmond Metro. Auth.*, 210 Va. at 647-48, 172 S.E.2d at 833 (citing *Hampton Roads Sanitation District Commission v. Smith*, 193 Va. 371, 376, 68 S.E.2d 497, 500 (1952); *see County of York v. Peninsula Airport Commission*, 235 Va. 477, 369 S.E.2d 665 (1988); *Short Pump Town Ctr. Cmty. Dev. Auth. v. Hahn*, 262 Va. 733, 554 S.E.2d 441 (2001). These essential characteristics are set out in the first column of the table below. Entries in the second column of this table list provisions of the enabling legislation, the Virginia Water and Waste Authorities Act, that confer upon the Western Virginia Water Authority all of the essential attributes of a municipal corporation.

| *Attributes of Municipal Corporation* | *Enabling Legislation* |
| --- | --- |
| Creation as a body corporate and politic and as a political subdivision of the Commonwealth | Yes; Code § 15.2-5102(A) |
| Creation to serve a public purpose | Yes; Code §§ 15.2-5111, 15.2-5114, 15.2-5119, 15.2-5121, 15.2-5122, *passim* |
| Power to have a common seal, to sue and be sued, to enter into contracts, to acquire, hold, and dispose of its revenue, personal and real property | Yes; under these subsections of Code § 15.2-5114(3), (5), (11), and (12), Code § 15.2-5135 |
| Possession of the power of eminent domain | Yes; Code § 15.2-5114(6) |
| Power to borrow money and issue bonds which are tax exempt, with interest on such bonds enjoying the same status under tax laws as the interest on bonds of other political subdivisions of the state | Yes; Code § 15.2-5114(7) and (9), § 15.2-5115, § 15.2-5125, § 15.2-5131, § 15.2-5132 |

| | |
|---|---|
| Management of the corporation vested in a board of directors or a commission. | Yes; Code § 15.2-5113 |

I am of the opinion that the Western Virginia Water Authority, meeting all of the essential criteria of a municipal corporation, is a municipal corporation. *Accord*, Opinion of the Attorney General to Del. Christopher K. Peace, 2006 A.G. 43 (October 31, 2006). As such, it does not possess the absolute sovereign immunity of the Commonwealth or of a county. Under the principles of *expressio unius est exclusio alterius*, the Court is entitled to conclude that the General Assembly intentionally withheld full sovereign immunity from entities chartered under the Water and Waste Authorities Act. *See Couplin v. Payne*, 270 Va. 129, 136, 613 S.E.2d 592, 595 (2005).

As a municipal corporation, the Authority is entitled to assert, and to try to prove, that it is entitled to governmental-function immunity. During argument on Friday, July 22, counsel for both parties opined that, if the Court held as it has, evidence might be presented in an effort to determine whether the Court could rule on the immunity question in advance of trial.

The plaintiff objected to the Court at all considering the defendants' Plea in Bar. I believe that that objection has been mooted. Will counsel please advise if he takes a different view.